DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, Josh Drouard, Laura Drouard, John Hayes and Carol Hayes, appeal from a decision by the Lucas County Court of Common Pleas granting summary judgment in favor of appellee, United Services Automobile Association ("USAA"). For the reasons that follow, we affirm the decision of the trial court. *Page 2 
 {¶ 2} Appellants brought the instant action against USAA, asserting a cause of action for bad faith in connection with USAA's handling of a homeowner's insurance claim submitted by Josh and Laura Drouard.[1]
The Drouards and Hayeses filed the subject claim after a fire substantially damaged the Drouards' home.[2] At the time of the fire, the Drouards were insured under a homeowner's insurance policy issued by USAA. The policy provided replacement cost coverage for the home and its contents, as well as additional living expense.
 {¶ 3} Immediately after the May 9, 2003 fire, the Drouards hired SMB Construction Company, Inc. to restore their property.[3] SMB began work on July 7, 2003. In September 2003, as the result of a disagreement between the Drouards and SMB, SMB was dismissed from the job site. That same month, the Drouards retained Cousino Construction to complete the restoration.
 {¶ 4} While the restoration was in progress, a dispute arose between the Drouards and USAA regarding the amount of the loss. To resolve this dispute, the Drouards initiated proceedings in accordance with the appraisal process set forth in the homeowner's policy. As stated in the policy: *Page 3 
 {¶ 5} "If you and we do not agree on the amount of the loss, either party can demand that the amount of the loss be determined by appraisal. If either makes a written demand for appraisal, each will select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of the receipt of the written demand.
 {¶ 6} "The two appraisers will then select a competent, impartial umpire. If the two appraisers are not able to agree upon the umpire within 15 days, you and we can ask a judge of a court of record in the state where the residence premises is located to select an umpire.
 {¶ 7} "The appraisers will then set the amount of loss. If they submit a written report of any agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree within a reasonable time, they will submit their differences to the umpire. Written agreement signed by any two of these three will set the amount of the loss. Each appraiser will be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire will be equally paid by you and us."
 {¶ 8} The matter was submitted for appraisal under this provision on November 12, 2003. The Drouards selected Michael Cousino as their appraiser; USAA selected Mike Turocy as its appraiser; and George W. Van Doren was selected as the umpire. The appraisal was completed, and the amount of the loss awarded, on March 1, 2004. Immediately thereafter, USAA paid the amount of loss as determined by the appraisers in full. The Drouards accepted this payment. *Page 4 
 {¶ 9} On August 14, 2006, the trial court, relying upon the above-stated facts, granted summary judgment in favor of USAA and dismissed all of appellants' claims against it. Appellants timely appealed the trial court's judgment, raising the following assignment of error:
 {¶ 10} "THE COMMON PLEAS COURT COMMITTED PREJUDICIAL AND SUBSTANTIAL ERROR WHEN IT GRANTED SUMMARY JUDGMENT TO APPELLEE."
 {¶ 11} An appellate court reviewing a trial court's granting of summary judgment does so de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Civ.R. 56(C) provides:
 {¶ 12} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as considered in this rule. * * *"
 {¶ 13} Summary judgment is proper where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving *Page 5 
party. Ryberg v. Allstate Ins. Co. (July 12, 2001), 10th Dist. No. 00AP-1243, citing Tokles Son, Inc. v. Midwestern Indemnity Co. (1992),65 Ohio St.3d 621, 629.
 {¶ 14} The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the non-moving party's claims.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once this burden has been satisfied, the non-moving party has the burden, as set forth at Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
 {¶ 15} Appellants argue that the trial court erred in granting summary judgment, because a material issue of fact existed with respect to their bad faith claim. In Ohio, an insurer has a duty to act in good faith in handling the claims of its insured. Hoskins v. Aetna Life Ins. Co.
(1983), 6 Ohio St.3d 272, paragraph one of the syllabus. "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefore." Zoppo v. HomesteadIns. Co., 71 Ohio St.3d 552, at paragraph one of the syllabus.
 {¶ 16} We note that the duty of good faith extends beyond those scenarios involving an outright denial of payment for a claim. TOLAviation v. Intercargo Ins. Co., 6th Dist. Nos. L-05-1308, L-06-1050,2006-Ohio-6061, ¶ 50. Thus, even in cases where a claim is ultimately paid, "the insurer's foot-dragging in the claims-handling and evaluation process could support a bad-faith cause of action." Unklesbay v.Fenwick, 2d *Page 6 
Dist. No. 2005-CA-108, 2006-Ohio-2630, ¶ 15; see also, Mundy v.Roy, 2d Dist. No. 2005-CA-28, 2006-Ohio-993 (finding a "refusal to pay" where insurer had disputed insured's alleged damages, rejected his settlement demands, and compensated him only after a jury rendered a verdict against it).
 {¶ 17} An insurer lacks reasonable justification for denying a claim when its refusal to pay is based upon an arbitrary or capricious belief that the insured is not entitled to coverage. Hoskins, supra, at 277. However, summary judgment is properly granted in an insurer's favor where the record is devoid of evidence tending to show a lack of good faith on the part of this insurer. Reece v. Grange Guardian Ins.Co., 6th Dist. No. L-03-1290, 2004-Ohio-5668, ¶ 31.
 {¶ 18} In support of their assertion that USAA handled their claim in bad faith, appellants point to evidence that in June of 2003, USAA adjuster John O'Donoghue contested several aspects of an estimate generated by the Drouards' first contractor, SMB. We initially note that O'Donoghue's objections (which were contained in a letter to SMB estimator Frank Reitmeier) were made months before the Drouards initiated the appraisal process described in the homeowner's policy, and, thus, were of questionable relevance, except to the extent that they demonstrated the disagreement between appellants and USAA regarding the amount of the loss.
 {¶ 19} We further note that while O'Donoghue's objections may have brought the original SMB estimate down, and while the resultant SMB estimate may have been lower than the amount that was ultimately awarded following the three-party formal appraisal *Page 7 
process, there is no evidence to suggest that the stated objections were without reasonable justification, or were otherwise made in bad faith. Broadly stated opinion evidence by appellants' expert, Mike Cousino, that the estimates prepared by SMB and USAA were insufficient, is itself insufficient to establish a genuine issue of material fact regarding appellants' claim for bad faith.
 {¶ 20} Next, appellants point to evidence demonstrating that after the appraisal process got underway, USAA failed to make additional efforts — outside of the process — to resolve those matters in dispute. We reject appellants' suggestion that such a failure could reasonably be construed as evidence of a lack of good faith on the part of USAA.
 {¶ 21} Finally, our own review of the record reveals no evidence that would suggest a lack of good faith on the part of USAA in the processing of the Drouards' claim. Accordingly, summary judgment was properly granted in favor of USAA and against appellants in this case. Appellants' sole assignment of error is found not well-taken.
 {¶ 22} For all of the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J. JUDGE
Arlene Singer, J. JUDGE
William J. Skow, J. JUDGE
CONCUR.
[1] Appellants' complaint also asserted causes of action for breach of contract, negligence, intentional infliction of emotional distress, and breach of fiduciary duty. But because none of these other claims are relevant to the current appeal, they will be given no additional consideration herein.
[2] The Hayeses hold the first mortgage on the Drouards' home.
[3] We note that SMB Construction Company, Inc. is both a defendant and counterclaimant in the underlying action. *Page 1